DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a summary judgment issued by the Erie County Court of Common Pleas in favor of an insurer in an action seeking a declaration of coverage.
 {¶ 2} Appellant, Harbor North, Inc. is a Huron, Ohio, marina which also sells and services boats — principally sailboats. In 1994, appellant was an authorized dealer for Hunter Marine, a manufacturer of sailboats.
 {¶ 3} On April 10, 1994, Lewis and Margaret Myers, ordered a 40.5 foot Hunter Legend sailboat through appellant. The boat, named by the Myers "Windchaser," was delivered to appellee in late summer. In a process called "commissioning," appellant prepared the boat for service, checking its engines and installing the boat's 52 foot mast. On September 4, 1994, after a full day's orientation for its new owners, appellee turned the boat over to the Myers. During the Windchaser's maiden voyage on Lake Erie, the mast fell toward the aft of the boat and broke, injuring Margaret Myers and damaging the boat. It is undisputed that the collapse of the mast was caused by its improper installation at the hands of one of appellant's employees.
 {¶ 4} The Myers sued appellant. Appellee, Great American Insurance Companies, provided defense and eventually settled Margaret Myers' personal injury claim. Concerning damage to the boat, appellant took the damaged vessel back and provided a new one. Appellant then repaired the damaged boat, sold it at a discount and filed a claim with appellee for its loss in this transaction.
 {¶ 5} When appellee denied appellant's claim, appellant instituted the present declaratory judgment action, seeking a declaration of coverage. Appellee filed a counterclaim, seeking a declaration of no coverage.
 {¶ 6} Following discovery, appellee moved for summary judgment, arguing that coverage for the type of loss for which appellant sought indemnity was excluded by the terms of the insurance policies in force at the time. After a lengthy delay, the trial court issued summary judgment in favor of appellee. From this judgment, appellant now appeals. In a single assignment of error appellant asserts that the trial court's judgment was erroneous.
 {¶ 7} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 8} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 9} At issue is the coverage to which appellant is entitled from insurance policies issued by appellee. An insurance policy is a contract between the insured and the insurer. Interpretation of the insurance policy is generally a matter of law. Leber v.Smith (1994), 70 Ohio St.3d 548, 553. When interpreting an insurance contract, the intention of the contracting parties is presumed to be reflected in the language of the policy itself.Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 219,2003-Ohio-5849, at ¶ 11. Thus, when the language of the policy is clear and its meaning unambiguous, courts are limited to a review of the document itself. Gomolka v. State Auto Mut. Ins. Co.
(1982), 70 Ohio St.2d 166, 168. It is only where there is ambiguity that courts are permitted to apply the rules of construction and interpretation or consider extrinsic evidence of the parties' intent. Westfield, supra, at ¶ 12.
 {¶ 10} Appellant was insured by two policies issued by appellee: a commercial general liability policy and an umbrella policy. Each policy contained a "products completed operations hazard" exclusion. Under "coverages" in the general liability policy, appellee agreed to pay those "* * * sums that the insured becomes legally obligated to pay as damages because of * * * property damage * * *." In the "exclusions" portion of the policy, it states:
 {¶ 11} "This insurance does not apply to: * * * (2) any loss, cost, or expense arising out of any: * * *
 {¶ 12} "l. `Property damage' to `your work' arising out of it or any part of it and included in the `products-completed operations hazard.'
 {¶ 13} "This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
 {¶ 14} "* * *
 {¶ 15} "11. a. `Products-completed operations hazard'
includes all `bodily injury' and `property damage' occurring away from premises you own or rent and arising out of `your product' or `your work' except:
 {¶ 16} "(1) products that are still in your physical possession; or
 {¶ 17} "(2) work that has not yet been completed or abandoned.
 {¶ 18} "* * *
 {¶ 19} "14. `Your product' means:
 {¶ 20} "a. any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
 {¶ 21} "(1) you;
 {¶ 22} "* * *
 {¶ 23} "15. `Your work' means:
 {¶ 24} "a. work or operations performed by you or on your behalf; and
 {¶ 25} "b. materials, parts or equipment furnished in connection with such work or operations."
 {¶ 26} "You" and "Your" in the policy refers to appellant. The exclusion contained in the umbrella policy is represented in nearly identical language.
 {¶ 27} Appellee maintains that the Windchaser is a product sold by appellant and on which appellant had completed its work. Since the damage to the boat occurred on Lake Erie, after the boat was turned over to its owner, the Windchaser was no longer in appellant's physical possession, qualifying it as a "product completed." Thus, appellee insists, the damage in appellant's claim falls clearly and unambiguously under the exclusionary clause of the insurance contract.
 {¶ 28} Appellant responds that the declarations page of the policy shows a premium paid for "boat repair and servicing," including products and completed operations coverage. Appellant insists that the inclusion of this category of insurance at least represents a point of confusion, leading its officer to believe that such coverage existed. At the least, appellant argues, appellee should be estopped from denying coverage, because of the insertion of this misleading category in its declarations.
 {¶ 29} While we may sympathize with appellant's misunderstanding, absent ambiguities we are limited to construing the policy within its four corners. From the policy language quoted above, we can only conclude that this exclusionary clause clearly and unambiguously applies to the claim appellant has advanced. Appellant's claim is for property damage to the Windchaser which, when the mast collapsed, was a completed product no longer on appellant's premises and on which appellant's work was completed. This is clearly within the plain language of the exclusion.
 {¶ 30} Consequently, there is no question of material fact. By the terms of the insurance policy, appellee is entitled to judgment as a matter of law. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 31} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., M. Parish, J., Concur.